UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
JOVINO MOYA, CARLOS MOYA and JERRY MORALES,

                Index No.:

                Plaintiff,

   -against-

                **COMPLAINT AND**
THE CITY OF NEW YORK, DET. JULIO MICHELI (Tax ID #   **JURY DEMAND**
949330), POLICE OFFICERS JOHN DOE #1-4,

                Defendants.
-------------------------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1.    The plaintiffs, JOVINO MOYA, CARLOS MOYA and JERRY MORALES, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.    Defendants, CITY OF NEW YORK, DET. JULIO MICHELI (Tax ID #949330), and POLICE OFFICERS JOHN DOE #1-4, being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him physical harm, and emotional and economic loss.

## JURISDICTION

3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4.    The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on October 6, 2016, plaintiffs served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on December 15, 2016, and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiffs are residents of the County of Kings, City and State of New York.

9. Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants DET. JULIO MICHELI (Tax ID #949330), and POLICE OFFICERS JOHN DOE #1-4, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about August 31, 2016, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. On or about August 31, 2016, at approximately 6:00 p.m., the plaintiff JOVINO MOYA was inside of his apartment located at 169 Starr Street, Apr 4R, with his brother - plaintiff CARLOS MOYA and his nephew – plaintiff JERRY MORALES.

13. Plaintiffs JOVINO MOYA and JERRY MORALES heard a loud commotion coming from his front door and individuals yelling "POLICE."

14. Plaintiff JOVINO MOYA approached the door, and before he could open it, the door was kicked in and defendants POLICE OFFICERS JOHN DOE 1-4 and Defendant DET. JULIO MICHELI entered the apartment.

15. Upon entering the apartment, plaintiff JOVINO MOYA was ordered to get on the ground. To which he responded that he is blind and has a bad back so it would be difficult for him to get down on the ground.

16. Without any provocation, plaintiff JOVINO MOYA, was forced backwards causing his left hand to strike a wall unit; struck multiple times on the right side of his back with a police anti-riot shield; and then forced onto the ground where he was rear handcuffed.

17. Defendants POLICE OFFICERS JOHN DOE 1-4 and Defendant DET. JULIO MICHELI, with guns drawn, approached defendant JERRY MORALES, threw him face down onto the ground and place him in handcuffs.

18. Once in handcuffs, plaintiff JERRY MORALES was ordered to sit next to the sofa inside of the living room.

19. Plaintiff CARLOS MOYA was on the roof of the location feeding his birds, when he was approached from behind by defendants POLICE OFFICERS JOHN DOE 1-4 and DET. JULIO MICHELI. Defendants were holding police anti-riot shields and had their guns drawn.

20. Plaintiff CARLOS MOYA was ordered not to move, and he was handcuffed, and walked downstairs to his apartment where plaintiffs JOVINO MOYA and JERRY MORALES were being held.

21. Once all three (3) plaintiffs were inside of the apartment Defendants POLICE OFFICERS JOHN DOE 1-4 and Defendant DET. JULIO MICHELI began to search the apartment and questioned them about a shooting that happened in the neighborhood.

22. Plaintiffs were then escorted downstairs to the front of the location, placed inside of a marked police van, and transported to the 83rd precinct.

23. Once at the precinct the plaintiffs were all processed, fingerprinted, and photograph and held in a holding pen for approximately four (4) hours.

24. Plaintiffs were each questioned by Defendant DET. JULIO MICHELI regarding a shooting that happened in the neighborhood.

25. Shortly thereafter, plaintiffs were each issued a desk appearance ticket with the charge of PL 220.03 – criminal possession of a controlled substance.

26. There were no drugs nor any drug paraphernalia recovered on any of the plaintiffs or at the location at the time of their arrest.

27. Plaintiffs were arrested for no reason and without probable cause.

28. Upon his release Plaintiff JOVINO MOYA immediately went to Wyckoff Hospital and sought medical treatment.

29. Plaintiff JOVINO MOYA underwent and x-ray and was diagnosed with a fractured wrist and had to have his left hand casted.

30. Plaintiffs CARLOS MOYA and JERRY MORALES have and continue to suffer emotional distress from the events of this incident.

31. Plaintiffs appeared in criminal court approximately one (1) month after the arrest on their respective desk appearance tickets and were told that all charges were dropped because the District Attorney's Office declined to prosecute the cases.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

32. Plaintiffs repeat and reiterates all of the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. As a direct and proximate result of the defendants' actions, plaintiffs were deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

34. As a result of the aforesaid violation of plaintiffs' rights, they sustained injuries and damages previously described in this complaint.

35. As a result of the foregoing, plaintiffs seek compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

36. Plaintiffs repeat and reiterates all of the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiffs.

38. As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

39. As a result of the foregoing, plaintiffs seek compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

40. Plaintiffs repeat and reiterates all of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

42. As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

43. As a result of the foregoing, plaintiffs seek compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiffs repeat and reiterates all of the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

46. As a result of the aforesaid, plaintiffs sustained injuries and damages previously described in this complaint.

47. As a result of the foregoing, plaintiffs seek compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION – FALSE ARREST AND FALSE IMPRISONMENT

48. Plaintiffs repeat and reiterates all of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. At no time did plaintiffs commit any act or offense for which an arrest may be lawfully made.

50. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

51. As a result of the aforesaid, plaintiffs' sustained injuries and damages previously described in this complaint.

52. As a result of the foregoing, plaintiffs seek compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

WHEREFORE, plaintiff demands in each of the first through fifth causes of action along with punitive damages in the amount that exceeds the minimal jurisdiction of this Court and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
July 17, 2017

*[signature]*

Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070